## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- x
                      :

In re MOODY'S CORPORATION     :
SECURITIES LITIGATION        :  CASE NO. 1:07-CV-8375-SWK
                      :
                      :
                      :
                      :
                      :
                      :
                      :
------------------------------------------------- x

## ANSWER OF DEFENDANTS
## TO THE CONSOLIDATED AMENDED COMPLAINT

      Defendants Moody's Corporation ("Moody's") and Raymond W. McDaniel, Jr.

(collectively, "defendants"), by their undersigned counsel, answer the Consolidated Amended

Complaint, dated June 27, 2008 (the "Complaint") as follows:[1]

      1.      Deny knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 1, except admit that this action purports to be a class action on

---

[1]      Throughout their Complaint, plaintiffs purport to describe structured finance and the securitization process for structured finance securities.  Plaintiffs also purport to describe Moody's ratings models and methodologies for such securities.  Moody's has published extensively on these topics and accordingly refers to its publications for a statement of its views and opinions concerning structured finance and related matters.  In addition, the Complaint contains numerous allegations purporting to quote, paraphrase or reference various news articles, industry reports, congressional hearing testimony and similar documents that do not contain statements made, created by or attributed to Moody's.  In accordance with the requirements of Rule 8(b)(5) of the Federal Rules of Civil Procedure, Moody's denies knowledge or information sufficient to form a belief as to whether the plaintiffs have completely and accurately reflected the contents of documents prepared by entities other than Moody's and thus refers to each such document for a statement of its complete contents.  Likewise in accordance with Rule 8(b)(5), where plaintiffs have made allegations as to the actions of the market place, Moody's denies knowledge or information sufficient to form a belief as to the truth of those allegations because Moody's cannot, in its Answer to the Complaint, aver to the mindset or conduct of third parties such as issuers, investors or market participants.  Again, to the extent plaintiffs seek Moody's views and opinions on the actions of the marketplace, Moody's refers in the first instance to its extensive publications on these topics.

behalf of persons and entities that purchased or acquired Moody's securities from February 3, 2006 to October 24, 2007 (the "Class Period").

2.      Deny the allegations of Paragraph 2.

3.      Deny the allegations of Paragraph 3, except refer to (i) Moody's periodic public filings for Moody's statements of its financial results, including its structured finance ratings revenues during the Class Period, and (ii) the statements referenced in Paragraph 3 for their complete contents.

4.      Deny the allegations of Paragraph 4.

5.      Paragraph 5 purports to state a legal conclusion to which no response is required.

6.      Paragraph 6 purports to state a legal conclusion to which no response is required.

7.      Paragraph 7 purports to state a legal conclusion to which no response is required, except admit that Moody's has its principal place of business in this district.

8.      Deny the allegations of Paragraph 8, except admit that Moody's sometimes uses the mails, telephone and internet to conduct its business.

9.      Deny the allegations of Paragraph 9, except deny knowledge or information sufficient to form a belief as to whether the lead plaintiffs purchased Moody's securities during the Class Period.

10.      Deny that the allegations of Paragraph 10 fully and accurately describe Moody's business and operations, except admit that (i) Moody's has its principal place of business in New York City and is the parent company of Moody's Investors Service ("MIS"), which, among other things, provides credit ratings, research and analysis covering fixed income

securities and other debt instruments, and (ii) Moody's is the parent company of Moody's

Analytics, formerly known as Moody's KMV, which, among other things, develops and

distributes Moody's non-ratings businesses including risk management, quantitative credit

analysis tools, economic research and data services and other professional services.  Refer to

Moody's (i) website and publications for a statement of its business and operations, including its

corporate organization and structure, and (ii) the press releases referenced in Paragraph 10 for

their complete contents.

   11. Deny that the allegations of Paragraph 11 fully and accurately describe

Moody's business or industry market share, except (i) admit that MIS, a subsidiary of Moody's,

is a credit rating agency and Nationally-Recognized Statistical Rating Organization ("NRSRO")

and that its two largest competitors are Standard & Poor's and Fitch Ratings, and (ii) refer to

Moody's website and publications for a statement of its business and operations.

   12. Deny the allegations of Paragraph 12, except (i) admit that the issuers of

debt obligations pay MIS for certain services provided by MIS, and (ii) refer to Moody's

periodic public filings and publications for a statement of its financial results, including the

proportion of its revenues derived from its ratings of structured finance products for any

particular period.

   13. Deny the allegations of Paragraph 13, except (i) refer to Moody's periodic

public filings and publications for a statement of its financial results, and (ii) refer to publicly

available historical stock price data for a statement of Moody's stock price during any particular

period.

   14. Admit that Raymond W. McDaniel, Jr. has served as Moody's Chief

Executive Officer and Chairman of Moody's Board of Directors since April 2005 and has held a

variety of positions at Moody's, including President of Moody's Investors Service, Executive Vice President of Moody's Corporation, Chief Operating Officer of Moody's Corporation and President of Moody's Corporation, and refer to Moody's website for a complete statement of the positions held by Mr. McDaniel since joining the firm in 1987.

15. No response is required to Paragraph 15. Pursuant to the Court's order of February 18, 2009, Brian M. Clarkson is no longer a party to this action.

16. No response is required to Paragraph 16. Pursuant to the Court's order of February 18, 2009, Michael Kanef is no longer a party to this action.

17. Deny the allegations of Paragraph 17, except state that the first sentence of Paragraph 17 purports to state a legal conclusion to which no response is required.

18. Deny that the allegations of Paragraph 18 fully and accurately describe MIS credit ratings, except (i) admit that Moody's consolidated revenue for 2006 was $2.037 billion and that MIS revenue for 2006 was $1.894 billion, and (ii) refer to the publication quoted in Paragraph 18 for its complete contents.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19.

20. Deny the allegations of Paragraph 20, except admit that Paragraph 20 provides a general overview of MIS ratings symbols and definitions and refer to the document referenced in Paragraph 20 for its complete contents.

21. Deny the allegations of Paragraph 21, except admit that securities bearing ratings of Baa and above are sometimes referred to as "investment grade" securities.

22. Deny the allegations of Paragraph 22, except refer to the document quoted in Paragraph 22 for its complete contents.

23.     State that Paragraph 23 constitutes a prefatory statement by plaintiffs concerning NRSROs to which no response is required.

24.     State that the first four sentences of Paragraph 24 constitute a prefatory statement by plaintiffs concerning NRSROs to which no response is required.  Deny the allegations of the last sentence of Paragraph 24.

25.     Deny the allegations of Paragraph 25.

26.     State that Paragraph 26 constitutes a prefatory statement by plaintiffs concerning structured finance securities to which no response is required, except refer to MIS publications for a statement of its views concerning structured finance securities.

27.     Refer to the document referenced in Paragraph 27 for a statement of its complete contents.

28.     State that Paragraph 28 constitutes a prefatory statement by plaintiffs concerning structured finance securities to which no response is required, except refer to MIS publications for a statement of its views of structured finance securities.

29.     State that Paragraph 29 constitutes a prefatory statement by plaintiffs concerning structured finance securities to which no response is required, except refer to MIS publications for a statement of its views of structured finance securities.

30.     State that Paragraph 30 constitutes a prefatory statement by plaintiffs concerning CDOs to which no response is required, except refer to MIS publications for a statement of its views of CDOs.  Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 30.

31.     State that the first sentence of Paragraph 31 constitutes a prefatory statement by plaintiffs concerning structured investment vehicles ("SIVs") to which no response

is required, except refer to MIS publications for a statement of its views of SIVs.  Deny

knowledge or information sufficient to form a belief as to the truth of the allegations of the

second sentence of Paragraph 31.

   32. Deny the allegations of Paragraph 32, except (i) admit and aver that

Moody's strives to maintain and protect the objectivity and independence of its credit ratings,

and (ii) refer to the statements referenced in Paragraph 32 for a statement of their complete

contents.

   33. State that Paragraph 33 constitutes a prefatory statement by plaintiffs

concerning the role of credit rating agencies to which no response is required.  To the extent any

response is required, deny the allegations of Paragraph 33.

   34. Deny knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 34.

   35. Deny the allegations of Paragraph 35, except refer to the document quoted

in Paragraph 35 for a statement of its complete contents.

   36. Deny the allegations of Paragraph 36, except refer to the document quoted

in Paragraph 36 for a statement of its complete contents.

   37. Deny the allegations of Paragraph 37, except (i) admit and aver that

Moody's remained committed to upholding the integrity and independence of its business

throughout the putative Class Period, and (ii) refer to the statements referenced in Paragraph 37

for a statement of their complete contents.

   38. Admit that the issuers of debt instruments pay MIS for certain services

performed by MIS and that this business model is sometimes referred to as the "issuer pays"

business model.

39.     Deny the allegations of Paragraph 39, except admit and aver that the "issuer pays" business model has been followed in some form and to some degree since the 1970s.

40.     Deny the allegations of Paragraph 40, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of the last sentence of Paragraph 40.

41.     Deny the allegations of Paragraph 41, except admit and aver that Moody's strives to maintain and protect the objectivity and independence of its credit ratings in all areas of its ratings business.

42.     Deny the allegations of Paragraph 42.

43.     Deny the allegations of Paragraph 43, except admit that Moody's total ratings revenue for 2006 was $1.635 billion and that MIS structured finance ratings revenue for 2006 was $886.7 million.

44.     Deny the allegations of Paragraph 44.

45.     State that Paragraph 45, including the so-called "Structured Finance Primer" in the footnote to Paragraph 45, constitutes a prefatory statement by plaintiffs concerning structured finance to which no response is required, except (i) admit that a corporation fundamentally is what it is, (ii) deny knowledge and information sufficient to form a belief as to the truth of issuers' motives, (iii) otherwise deny the allegations in Paragraph 45 to the extent they pertain specifically to Moody's, and (iv) refer to any MIS publications referenced in Paragraph 45 for a statement of their complete contents.

46.     State that Paragraph 46 constitutes a prefatory statement by plaintiffs concerning structured finance to which no response is required, except refer to MIS publications concerning structured finance for a statement thereof.

47.     State that Paragraph 47 constitutes a prefatory statement by plaintiffs to which no response is required, except refer to MIS publications concerning structured finance for a statement thereof.

48.     State that Paragraph 48 constitutes a prefatory statement by plaintiffs concerning structured finance to which no response is required, except refer to MIS publications concerning structured finance for a statement thereof.

49.     Deny knowledge or information sufficient to form a belief as to the truth of the first two sentences of Paragraph 49.  Deny the allegations of the last two sentences of Paragraph 49.

50.     Deny the allegations of Paragraph 50, except refer to MIS publications concerning its ratings models and methodologies for a statement of those models and methodologies.

51.     Deny the allegations of Paragraph 51.

52.     Deny the allegations of Paragraph 52, except refer to the statements referenced in Paragraph 52 for a statement of their complete contents.

53.     Deny the allegations of Paragraph 53, except (i) refer to Moody's periodic public filings and publications for a statement of its financial results for 2000 through 2006, and (ii) refer to publicly available historical stock price data for a statement of Moody's stock price during the same period.

54.     Refer to the statements referenced in Paragraph 54 for a statement of their complete contents.

55.     Deny the allegations of Paragraph 55.

56.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of the first three sentences of Paragraph 56.  Deny the allegations of the last two sentences of Paragraph 56, except refer to publicly available historical stock price data for a statement of Moody's stock price throughout 2007 and 2008.

57.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of the first two sentences of Paragraph 57, and refer to the document quoted in Paragraph 57 for a statement of its complete contents.

58.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58.

59.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59.

60.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60.

61.     Deny the allegations of Paragraph 61, including the allegations of all subparagraphs, except refer to the statements and documents referenced in Paragraph 61 for a statement of their complete contents.

62.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62.

63.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63.

64.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64.

65.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65.

66.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66.

67.     Deny the allegations of Paragraph 67, including the allegations in all subparagraphs, except refer to the statements and documents referenced in Paragraph 67 for a statement of their complete contents.

68.     Deny the allegations of Paragraph 68, except (i) admit that MIS published its Code of Professional Conduct in June 2005, and (ii) refer to the Code of Professional Conduct for a statement of its complete contents.

69.     Deny the allegations of Paragraph 69, including the allegations of all subparagraphs.

70.     Refer to the Moody's publications referenced in Paragraph 70 for a statement of their complete contents.

71.     Admit that Moody's published its Annual Report to Shareholders for 2005 (the "2005 Annual Report") on or about March 23, 2006, and refer to the 2005 Annual Report for a statement of its complete contents.

72.     Deny the allegations of Paragraph 72, including the allegations of all subparagraphs.

73.     Admit that Moody's filed its Form 10-K for 2005 (the "2005 Form 10-K") on or about March 1, 2006, and refer to the 2005 Form 10-K for a statement of its complete contents.

74.     Deny the allegations of Paragraph 74, including the allegations of all subparagraphs.

75.     Paragraph 75 states a conclusion to which no response is required.  To the extent that a response is required, deny the allegations and conclusions of Paragraph 75.

76.     Admit that MIS published an annual Report on the Code of Professional Conduct on or about April 12, 2006, and refer to that report for a statement of its complete contents.

77.     Deny the allegations of Paragraph 77, including the allegations of all subparagraphs.

78.     Admit that Moody's issued a press release on April 12, 2006 announcing the publication of its first annual Report on the Code of Professional Conduct, and refer to that press release for a statement of its complete contents.

79.     Deny the allegations of Paragraph 79.

80.     Deny the allegations of Paragraph 80, except (i) admit that Moody's filed its Form 10-K for 2006 (the "2006 Form 10-K") on or about March 1, 2007, and (ii) refer to the 2006 Form 10-K for a statement of its complete contents.

81.     Refer to the 2006 Form 10-K quoted in Paragraph 81 for a statement of its complete contents.

82.     Deny the allegations of Paragraph 82.

83.     Admit that Moody's published its Annual Report to Shareholders for 2006 (the "2006 Annual Report") on or about March 22, 2007, and refer to the 2006 Annual Report for a statement of its complete contents.

84.     Deny the allegations of Paragraph 84, except refer to the documents referenced in Paragraph 84 for a statement of their complete contents.

85.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85, except deny the allegations to the extent they pertain specifically to Moody's.

86.     Refer to the statutory provisions referenced in Paragraph 86 for a statement of their complete contents.

87.     Refer to the statutory provisions referenced in Paragraph 87 for a statement of their complete contents.

88.     Refer to the statutory provisions referenced in Paragraph 88 for a statement of their complete contents.

89.     Admit that MIS submitted its application for registration as a Nationally Recognized Statistical Rating Organization ("NRSRO Application") on June 26, 2007, and refer to that NRSRO Application for a statement of its complete contents.

90.     Deny the allegations of Paragraph 90, except refer to the documents and statutory provisions referenced in Paragraph 90 for a statement of their complete contents.

91.     Deny the allegations of Paragraph 91, except (i) refer to the regulations referenced in Paragraph 91 for a statement of their complete contents, and (ii) state that the second sentence of Paragraph 91 purports to state a legal conclusion to which no response is required.

92.     No response is required to Paragraph 92 because the Court found that the purported misstatements alleged therein concerning the meaning of Moody's structured finance ratings are not actionable.

93.     No response is required to Paragraph 93 because the Court found that the purported misstatements alleged therein concerning the meaning of Moody's structured finance ratings are not actionable.

94.     No response is required to Paragraph 94 because the Court found that the purported misstatements alleged therein concerning the meaning of Moody's structured finance ratings are not actionable.

95.     No response is required to Paragraph 95 because the Court found that the purported misstatements alleged therein concerning the meaning of Moody's structured finance ratings are not actionable.

96.     No response is required to Paragraph 96 because the Court found that the purported misstatements alleged therein concerning the meaning of Moody's structured finance ratings are not actionable.

97.     No response is required to Paragraph 97 because the Court found that the purported misstatements alleged therein concerning the meaning of Moody's structured finance ratings are not actionable.

98.     No response is required to Paragraph 98 because the Court found that the purported misstatements alleged therein concerning the meaning of Moody's structured finance ratings are not actionable.

99.     No response is required to Paragraph 99 because the Court found that the purported misstatements alleged therein concerning the meaning of Moody's structured finance ratings are not actionable.

100.    No response is required to Paragraph 100 because the Court found that the purported misstatements alleged therein concerning the meaning of Moody's structured finance ratings are not actionable.

101.    No response is required to Paragraph 101 because the Court found that the purported misstatements alleged therein concerning the meaning of Moody's structured finance ratings are not actionable.

102.    No response is required to Paragraph 102 because the Court found that the purported misstatements alleged therein concerning the meaning of Moody's structured finance ratings are not actionable.

103.    Paragraph 103 states a conclusion to which no response is required.  To the extent that a response is required, deny the allegations and conclusions of Paragraph 103.

104.    Paragraph 104 states a conclusion to which no response is required.  To the extent that a response is required, deny the allegations and conclusions of Paragraph 104.

105.    Refer to MIS publications on rating methodologies for residential mortgage-backed securities ("RMBS") for a statement of those methodologies.

106.    Refer to MIS publications on subprime residential mortgage securitization, including the document referenced in the footnote to Paragraph 106, for a statement of subprime residential mortgage securitization.

107.    Paragraph 107 states a conclusion to which no response is required.  To the extent that a response is required, deny the allegations and conclusions of Paragraph 107.

108.    Deny the allegations of Paragraph 108.

109.    Deny the allegations of Paragraph 109.

110.    Paragraph 110 states a conclusion to which no response is required.  To the extent that a response is required, deny the allegations and conclusions of Paragraph 110.

111.    Paragraph 111 states a conclusion to which no response is required.  To the extent that a response is required, deny the allegations and conclusions of Paragraph 111.

112.    Deny the allegations of Paragraph 112, except (i) refer to the documents and statements quoted in Paragraph 112 for a statement of their complete contents, and (ii) refer to MIS publications for a statement of its ratings models and methodologies, including any methodology updates or modifications.

113.    Deny the allegations of Paragraph 113, except refer to MIS publications concerning subprime mortgage performance, including the documents referenced in Paragraph 113, for a statement of the subprime mortgage market.

114.    Deny the allegations of Paragraph 114, except (i) refer to the document quoted in Paragraph 114 for a statement of its complete contents, and (ii) refer to MIS publications on subprime mortgage performance for a statement of the subprime mortgage market.

115.    Deny the allegations of Paragraph 115.

116.    Deny the allegations of Paragraph 116.

117.    Admit that MIS downgraded certain subprime securities in July 2007, and refer to the presentation referenced in Paragraph 117 for a statement of its complete contents.

118.    Deny the allegations of Paragraph 118, except refer to the presentation referenced in Paragraph 118 for a statement of its complete contents.

119.     Deny the allegations of Paragraph 119, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 119.

120.     Paragraph 120 states a conclusion to which no response is required.  To the extent that a response is required, deny the allegations and conclusions of Paragraph 120, and refer to the document quoted in Paragraph 120 for a statement of its complete contents.

121.     Paragraph 121 states a conclusion to which no response is required.  To the extent that a response is required, deny the allegations and conclusions of Paragraph 121, and refer to the document referenced in Paragraph 121 for a statement of its complete contents.

122.     Deny the allegations of Paragraph 122, except refer to the documents referenced in Paragraph 122 for a statement of their complete contents, including a statement of the downgrades and methodology updates referenced in Paragraph 122.

123.     Deny the allegations of Paragraph 123.

124.     Deny that the allegations of Paragraph 124, except refer to the document quoted in Paragraph 124 for a statement of its complete contents.

125.     Deny the allegations of Paragraph 125.

126.     Deny the allegations of Paragraph 126, except refer to the document referenced in Paragraph 126 for a statement of its complete contents.

127.     Deny the allegations of Paragraph 127.

128.     Deny the allegations of Paragraph 128, except refer to MIS publications concerning its ratings models and methodologies for subprime structured finance securities for a statement of those models and methodologies, including the information considered by MIS in opining on the creditworthiness of such securities.

129.    Deny the allegations of Paragraph 129, except (i) refer to MIS publications concerning its ratings models and methodologies for subprime structured finance securities for a statement of those models and methodologies, including the information considered by MIS in opining on the creditworthiness of such securities, and (ii) refer to the *Wall Street Journal* article referenced in the footnote to Paragraph 129 for a statement of its complete contents.

130.    Deny the allegations of Paragraph 130, except (i) refer to MIS publications concerning its ratings models and procedures for subprime structured finance securities for a statement of those models and procedures, and (ii) deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding banks in the third sentence of Paragraph 130.

131.    Deny the allegations of Paragraph 131, except refer to the announcement referenced in Paragraph 131 for a statement of its complete contents.

132.    Deny the allegations of Paragraph 132, except (i) deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning banks and industry insiders in the fourth sentence of Paragraph 132, and (ii) refer to MIS publications concerning its ratings models and procedures for subprime structured finance securities for a statement of those models and procedures, including the types of information analyzed by MIS in connection with its ratings of such securities.

133.    Deny that the allegations of Paragraph 133 fully and accurately describe the factors or information considered by MIS in its ratings models and methodologies for subprime structured finance securities, and refer to MIS publications concerning those models and methodologies for a statement thereof.

134.    Deny the allegations of Paragraph 134, except refer to the document referenced in Paragraph 134 for a statement of its complete contents.

135.    Refer to the MIS publications quoted and/or referenced in Paragraph 135 for a statement of their complete contents.

136.    Deny that the allegations of Paragraph 136 fully and accurately reflect MIS processes and methodologies, and refer to the document referenced in the footnote to Paragraph 136 for a statement of its complete contents.

137.    Deny the allegations of Paragraph 137, except (i) admit that MIS considered data regarding LTV, CLTV and Documentation in connection with its ratings of subprime mortgage-backed securities, and (ii) refer to MIS publications on subprime mortgage-backed securities for a statement of MIS ratings models and methodologies, including the types of information or data analyzed by MIS in connection with its ratings of subprime mortgage-backed securities.

138.    Deny the allegations of Paragraph 138, except refer to the document quoted in Paragraph 138 for a statement of its complete contents.

139.    State that Paragraph 139 constitutes a prefatory statement by plaintiffs concerning the terminology employed for various types of loans to which no response is required, but deny that such statement is complete and accurate.

140.    Deny the allegations of Paragraph 140, except (i) deny knowledge or information sufficient to form a belief as to the truth of the allegations of the first and second sentences of Paragraph 140, and (ii) refer to MIS publications concerning its ratings models and methodologies, including the document referenced in Paragraph 134, for a statement of those

models and methodologies, including the types of information or data analyzed by MIS in connection with its ratings of subprime mortgage-backed securities.

141.    State that Paragraph 141 constitutes a prefatory statement by plaintiffs concerning LTV ratios to which no response is required, except refer to MIS publications concerning LTV ratios for a statement thereof.

142.    State that Paragraph 142 constitutes a prefatory statement by plaintiffs concerning second-lien mortgages to which no response is required, except refer to MIS publications concerning second-lien mortgages for a statement thereof.

143.    State that Paragraph 143 constitutes a prefatory statement by plaintiffs concerning combined loan-to-value ratios to which no response is required, except refer to MIS publications concerning loan-to-value ratios for a statement thereof.

144.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 144, except refer to the document referenced in the footnote to Paragraph 144 for a statement of its complete contents.

145.    Deny the allegations of Paragraph 145, except refer to the document referenced in the footnote to Paragraph 145 for a statement of its complete contents.

146.    State that the first sentence of Paragraph 146 constitutes a prefatory statement by plaintiffs concerning second-lien mortgages to which no response is required. Deny the remaining allegations of Paragraph 146, except refer to the document quoted in Paragraph 146 for a statement of its complete contents.

147.    State that Paragraph 147 constitutes a prefatory statement by plaintiffs concerning "piggyback loans" to which no response is required, except refer to the document quoted in Paragraph 147 for a statement of its complete contents.

148.    Deny the allegations of Paragraph 148, except admit that MIS downgraded certain securities in 2007 and refer to MIS publications for a statement of those downgrades.

149.    Refer to the document quoted in Paragraph 149 for a statement of its complete contents.

150.    Deny the allegations of Paragraph 150, except (i) admit that MIS downgraded certain securities in 2007, and (ii) refer to MIS publications, including the document referenced in the footnote to Paragraph 150, for a statement of those downgrades.

151.    Deny the allegations of Paragraph 151.

152.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 152.  Deny the remaining allegations of Paragraph 152, except refer to MIS publications concerning its ratings models and methodologies for a statement of those models and methodologies, including the types of data or information analyzed by MIS in connection with its ratings of subprime mortgage-backed securities.

153.    State that Paragraph 153 constitutes a prefatory statement by plaintiffs concerning "piggyback loans" to which no response is required, except refer to MIS publications concerning the credit risks associated with second-lien securitizations, including the document quoted in Paragraph 147, for a statement thereof.

154.    Deny the allegations of Paragraph 154, except refer to the document quoted in Paragraph 154 for a statement of its complete contents.

155.    Deny the allegations of Paragraph 155, except refer to the document referenced in Paragraph 155 for a statement of its complete contents.

156.    Deny the allegations of Paragraph 156, except (i) admit that MIS analyzed CLTV in connection with its ratings of mortgage-backed securities, and (ii) refer to the document referenced in the footnote to Paragraph 156 for a statement of its complete contents.

157.    Deny the allegations of Paragraph 157, except refer to the documents referenced in the footnote to Paragraph 157 for a statement of their complete contents.

158.    Deny the allegations of Paragraph 158.

159.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 159.  The second sentence of Paragraph 159 states a conclusion to which no response is required.

160.    Refer to the document quoted in Paragraph 160 for a statement of its complete contents.

161.    State that Paragraph 161 constitutes a prefatory statement by plaintiffs concerning reduced documentation loans to which no response is required.

162.    Deny the allegations of Paragraph 162, except state that the first sentence of Paragraph 162 constitutes a prefatory statement by plaintiffs to which no response is required.

163.    State that Paragraph 163 constitutes a prefatory statement by plaintiffs concerning reduced documentation loans to which no response is required, except (i) deny the allegations of Paragraph 163 that pertain specifically to Moody's, and (ii) deny knowledge or information sufficient to form a belief as to the truth of the allegations of the last sentence of Paragraph 163.

164.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 164.

165.    State that Paragraph 165 is an incomplete sentence fragment.  To the extent a response is required, refer to the documents referenced in Paragraph 165 for a statement of their complete contents.

166.    Deny the allegations of Paragraph 166, except (i) admit that MIS analyzed data concerning the level of documentation in connection with its ratings of residential mortgage-backed securities, and (ii) refer to MIS publications regarding the rating of residential mortgage-backed securities, including the document referenced in Paragraph 134, for a statement of the types of data analyzed by MIS in connection with its rating of residential mortgage-backed securities.

167.    Deny the allegations of Paragraph 167.

168.    Deny the allegations of Paragraph 168.

169.    Deny the allegations of Paragraph 169, except (i) admit that MIS published an updated methodology for coding subprime residential mortgage documentation programs on or about November 28, 2006, and (ii) refer to the MIS publication concerning the updated methodology referenced in Paragraph 169 for a statement thereof.

170.    Deny the allegations of Paragraph 170.

171.    Deny the allegations of Paragraph 171.

172.    Deny the allegations of Paragraph 172, except (i) deny knowledge or information sufficient to form a belief as to the truth of the issuer allegations, and (ii) refer to the document quoted in Paragraph 172 for a statement of its complete contents.

173.    Deny the allegations of Paragraph 173, except (i) admit and aver that Moody's believed in the independence, objectivity, quality reliability, integrity and

trustworthiness of its credit ratings, and (ii) refer to the statements referenced in the second sentence of Paragraph 173 for a statement of their complete contents.

174.    Deny the allegations of Paragraph 174, except (i) deny knowledge or information sufficient to form a belief as to the beliefs of "the public," and (ii) refer to the statements referenced in Paragraph 174 for a statement of their complete contents.

175.    Deny the allegations of Paragraph 175, except refer to MIS publications concerning its ratings models and methodologies for adjustable rate mortgages ("ARMs") products for a statement of those models and methodologies.

176.    Deny the allegations of Paragraph 176, except (i) state that the first sentence of Paragraph 176 constitutes a prefatory statement by plaintiffs to which no response is required, and (ii) refer to the statements referenced in the second sentence of Paragraph 176 for a statement of their complete contents.

177.    State that Paragraph 177 constitutes a prefatory statement by plaintiffs concerning hybrid ARMs to which no response is required, except refer to MIS publications concerning hybrid ARMs for a statement thereof.

178.    State that Paragraph 178 constitutes a prefatory statement by plaintiffs concerning hybrid ARMs to which no response is required, except refer to MIS publications concerning hybrid ARMs for a statement thereof.

179.    States that Paragraph 179 constitutes a prefatory statement by plaintiffs concerning option ARMs to which no response is required, except refer to MIS publications concerning option ARMs for a statement thereof.

180.    State that Paragraph 180 constitutes a prefatory statement by plaintiffs concerning option ARMs to which no response is required, except (i) refer to MIS publications

concerning option ARMs for a statement thereof, and (ii) refer to the document quoted in Paragraph 180 for a statement of its complete contents.

181.    State that Paragraph 181 constitutes a prefatory statement by plaintiffs concerning hybrid and option ARMs to which no response is required, except (i) deny the allegations that pertain specifically to Moody's in the last sentence of Paragraph 181, and (ii) refer to the MIS publications referenced in the footnote to Paragraph 181 for a statement of their complete contents.

182.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 182, except deny that "Moody's, as [a] gate opener to subprime securitization, over-rated the mortgages."

183.    Deny that the allegations of Paragraph 183 fully and accurately describe the document quoted therein, and refer to the document quoted in Paragraph 183 for a statement of its complete contents.

184.    Refer to the document quoted in Paragraph 184 for a statement of its complete contents.

185.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 185.

186.    Deny the allegations of Paragraph 186.

187.    Refer to MIS publications concerning its ratings of ARM products for a statement of its analysis of the credit risks associated with such securities.

188.    Deny the allegations of Paragraph 188.

189.    Deny the allegations of Paragraph 189, except refer to the document referenced in Paragraph 189 for a statement of its complete contents.

190.     Deny the allegations of Paragraph 190, except refer to the documents referenced in Paragraph 190 for a statement of their complete contents.

191.     Deny the allegations of Paragraph 191, except refer to the document quoted in Paragraph 191 for a statement of its complete contents.

192.     Deny the allegations of Paragraph 192, except refer to MIS publications concerning the subprime securitization market for a statement of their complete contents.

193.     Deny the allegations of Paragraph 193.

194.     Deny the allegations of the last sentence of Paragraph 194.  Deny that the remaining allegations fully and accurately reflect the contents of the document referenced therein, and refer to the document referenced in Paragraph 194 for a statement of its complete contents.

195.     Deny that the allegations of Paragraph 195 fully and accurately reflect the contents of the document quoted therein, and refer to the document quoted in Paragraph 195 for a statement of its complete contents.

196.     Deny the allegations of Paragraph 196, except refer to MIS publications concerning its ratings models and methodologies for ARM products for a statement of those models and methodologies, including the data analyzed by MIS in its ratings of such securities.

197.     Admit that MIS downgraded certain subprime securities and/or increased loss projections for certain securitizations in or about October 2007 and January 2008, and refer to MIS publications on the downgrades and revised loss estimates for a statement thereof.

198.     Deny the allegations of Paragraph 198, except refer to the document quoted in Paragraph 198 for a statement of its complete contents.

199.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 199.

200.     State that Paragraph 200 constitutes a prefatory statement by plaintiffs concerning stress testing to which no response is required, except (i) refer to the statements referenced in the first sentence of Paragraph 200 for their complete contents, (ii) refer to MIS publications concerning MIS modeling of potential future economic stresses, including the document quoted in Paragraph 200, for a statement thereof.

201.     Deny the allegations of Paragraph 201, except state that the second sentence of Paragraph 201 constitutes a prefatory statement by plaintiffs concerning stress testing to which no response is required.

202.     State that Paragraph 202 constitutes a prefatory statement by plaintiffs concerning "housing price assumptions" to which no response is required.

203.     Deny the allegations of Paragraph 203, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of Paragraph 203.

204.     Deny the allegations of Paragraph 204, except refer to the congressional hearing transcript quoted in Paragraph 204 for a statement of its complete contents.

205.     Deny the allegations of Paragraph 205.

206.     Deny the allegations of Paragraph 206.

207.     Deny the allegations of Paragraph 207, except deny knowledge or information sufficient to form a belief as to what "convention would be" as the phrase is used in the second sentence of Paragraph 207.

208.    Deny the allegations of Paragraph 208, except refer to the document quoted in Paragraph 208 for a statement of its complete contents.

209.    Deny that the allegations of Paragraph 209 fully and accurately reflect the contents of the document quoted therein, and refer to the document quoted in Paragraph 209 for a statement of its complete contents.

210.    Deny that the allegations of Paragraph 210 fully and accurately reflect the contents of the documents referenced therein, and refer to the documents referenced in Paragraph 210 for a statement of their complete contents.

211.    State that the first sentence of Paragraph 211 constitutes a prefatory statement by plaintiffs concerning stress testing to which no response is required.  Deny that the allegations of the second sentence of Paragraph 211 fully and accurately reflect the contents of the document quoted therein, and refer to the document quoted in Paragraph 211 for a statement of its complete contents.

212.    Deny the allegations of Paragraph 212, except refer to the statements referenced in the first sentence of Paragraph 212 for a statement of their complete contents.

213.    Deny the allegations of Paragraph 213.

214.    Deny the allegations of Paragraph 214, except refer to the document quoted in Paragraph 214 for a statement of its complete contents.

215.    State that Paragraph 215 constitutes a prefatory statement by plaintiffs concerning CDOs to which no response is required, except refer to MIS publications on CDOs for a statement thereof.

216.    Refer to MIS publications concerning its ratings models and methodologies for CDOs for a statement of those methodologies.

217.    Deny the allegations of Paragraph 217, except refer to the document referenced in Paragraph 217 for a statement of its complete contents.

218.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 218.

219.    Deny the allegations of Paragraph 219, except deny knowledge or information sufficient to form a belief as to what was "unbeknownst to the class."

220.    State that Paragraph 220 constitutes a prefatory statement by plaintiffs concerning tranches to which no response is required.

221.    State that Paragraph 221 constitutes a prefatory statement by plaintiffs concerning tranches to which no response is required.  To the extent a response is required, deny the allegations of Paragraph 221, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 221.

222.    Deny that "Moody's downgrades of initially-Baa-rated tranches currently stands at essentially 100%," and refer to MIS publications concerning the downgrades for a statement thereof.

223.    Deny the allegations of Paragraph 223, except (i) refer to MIS publications concerning its ratings models and methodologies for CDOs for a statement of those models and methodologies, and (ii) refer to the document quoted in the footnote to Paragraph 223 for a statement of its complete contents.

224.    Deny the allegations of Paragraph 224.

225.    Deny the allegations of Paragraph 225, except refer to the documents quoted in Paragraph 225 for a statement of their complete contents.

226.    Deny the allegations of Paragraph 226, except (i) refer to the MIS publication referenced in the footnote to Paragraph 226 for a statement of its complete contents, and (ii) deny knowledge or information sufficient to form a belief as to the truth of the allegations of the last sentence of Paragraph 226.

227.    Deny the allegations of Paragraph 227.

228.    Deny the allegations of Paragraph 228, except deny knowledge or information sufficient to form a belief as to what was "unbeknownst to the class."

229.    State that Paragraph 229 constitutes a prefatory statement by plaintiffs concerning asset correlation to which no response is required, except refer to MIS publications on the asset correlation component of structured finance credit ratings for a statement thereof.

230.    Deny the allegations of Paragraph 230, except refer to the document quoted in Paragraph 230 for a statement of its complete contents.

231.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 231.

232.    Deny that the allegations of Paragraph 232 fully and accurately reflect the contents of the documents referenced therein, and refer to the documents referenced in Paragraph 232 for a statement of their complete contents.

233.    Deny the allegations of Paragraph 233, except refer to the documents referenced in Paragraph 233 for a statement of their complete contents.

234.    Deny the allegations of Paragraph 234.

235.    Deny the allegations of Paragraph 235.

236.    Deny that the allegations of Paragraph 236 fully and accurately reflect the contents of the documents referenced therein, and refer to the documents referenced in Paragraph 236 for a statement of their complete contents.

237.    Deny the allegations of Paragraph 237.

238.    State that Paragraph 238 constitutes a prefatory statement by plaintiffs concerning CDO issuance to which no response is required.  To the extent a response is required, deny the allegations of Paragraph 238 to the extent they pertain specifically to Moody's.

239.    Deny the allegations of Paragraph 239 to the extent they pertain specifically to Moody's.

240.    Deny the allegations of Paragraph 240.

241.    Deny the allegations of Paragraph 241, except (i) refer to MIS publications concerning its ratings models and methodologies for CDOs for a statement of those models and methodologies, and (ii) deny knowledge or information sufficient to form a belief as to the truth of the allegations in the footnote to Paragraph 241.

242.    Deny the allegations of the first sentence of Paragraph 242.  Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 242.

243.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 243.

244.    Deny the allegations of Paragraph 244.

245.    Deny the allegations of Paragraph 245.

246.    Deny the allegations of Paragraph 246, except refer to the documents referenced in Paragraph 246 for a statement of their complete contents.

247.    Deny the allegations of Paragraph 247.

248.    Deny the allegations of Paragraph 248, except (i) admit that MIS downgraded certain subprime structured finance securities in 2007, and (ii) refer to MIS publications concerning the downgrades referenced in Paragraph 248 for a statement of the downgrades.

249.    Deny that the allegations of Paragraph 249 fully and accurately reflect the contents of the document quoted therein, and refer to the document quoted in Paragraph 249 for a statement of its complete contents.

250.    Deny the allegations of Paragraph 250, except state that the first sentence of Paragraph 250 contains no factual allegations requiring a response.

251.    Deny that allegations of Paragraph 251 fully and accurately reflect the contents of the document referenced therein, and refer to the document referenced in Paragraph 251 for a statement of its complete contents.

252.    Deny the allegations of Paragraph 252, except (i) admit that MIS has downgraded certain subprime structured finance securities, and (ii) refer to MIS publications concerning subprime structured finance securities, including the press release referenced in Paragraph 252, for a statement of the downgrades.

253.    State that the first sentence of Paragraph 253 constitutes a prefatory statement by plaintiffs concerning closed-end second-lien mortgages to which no response is required.  Deny that the remaining allegations of Paragraph 253 fully and accurately reflect the contents of the documents referenced therein, and refer to the documents referenced in Paragraph 253 for a statement of their complete contents.

254.     Deny that the allegations of Paragraph 254 fully and accurately reflect the contents of the documents referenced therein, and refer to the documents referenced in Paragraph 254 for a statement of their complete contents.

255.     Deny that the allegations of Paragraph 255 fully and accurately reflect the contents of the documents referenced therein, and refer to the document referenced in Paragraph 255 for a statement of its complete contents.

256.     Deny that the allegations of Paragraph 256 fully and accurately reflect the contents of the document referenced therein, and refer to the document referenced in Paragraph 256 for a statement of its complete contents.

257.     Refer to the documents referenced in the footnotes to Paragraph 257 for a statement of their complete contents.  Deny the allegations in footnote 54.

258.     Deny the allegations of Paragraph 258, except (i) admit that MIS implemented certain methodology updates in 2007 and refer to MIS publications on methodology updates for a statement thereof, and (ii) refer to the documents referenced in the footnote to Paragraph 258 for a statement of their complete contents.

259.     Deny the allegations of Paragraph 259.

260.     Deny the allegations of Paragraph 260, deny that the allegations fully and accurately reflect the contents of the document referenced therein, and refer to the document referenced in Paragraph 260 for a statement of its complete contents.

261.     Admit that MIS downgraded certain RMBS in 2007, and refer to the documents referenced therein for a statement of the downgrades referenced in Paragraph 261.

262.     Deny the allegations of Paragraph 262.

263.     Deny the allegations of Paragraph 263, except refer to the document referenced in Paragraph 263 for a statement of its complete contents.

264.     Deny that the allegations of Paragraph 264 fully and accurately reflect the contents of the documents referenced therein, and refer to the documents referenced in Paragraph 264 for a statement of their complete contents.

265.     Deny that the allegations of Paragraph 265 fully and accurately reflect the contents of the document referenced therein, and refer to the document referenced in Paragraph 265 for a statement of its complete contents.

266.     Deny that the allegations of Paragraph 266 fully and accurately reflect the contents of the document referenced therein, and refer to the document referenced in Paragraph 266 for a statement of its complete contents.

267.     Deny that the allegations of Paragraph 267 fully and accurately reflect the contents of the document referenced therein, and refer to the document referenced in Paragraph 267 for a statement of its complete contents.  Refer to MIS publications for a statement of the downgrades.

268.     Admit that MIS downgraded certain CDOs in 2007, and refer to the documents referenced in Paragraph 268 for a statement of the downgrades.

269.     State that the first sentence of Paragraph 269 constitutes a prefatory statement by plaintiffs concerning structured finance to which no response is required.  Refer to the document quoted in Paragraph 269 for a statement of its complete contents.

270.     State that Paragraph 270 constitutes a prefatory statement by plaintiffs concerning SIVs to which no response is required, except refer to MIS publications concerning SIVs, including the documents referenced in Paragraph 270, for a statement thereof.

271.    Admit that MIS downgraded certain SIVs in 2007, and refer to MIS publications on the downgrades, including the documents referenced in Paragraph 271, for a statement thereof.  Deny that the allegations in footnote 67 fully and accurately reflect the contents of the document referenced therein, and refer to the document referenced in footnote 67 for a statement of its complete contents.

272.    Deny the allegations of Paragraph 272.

273.    Refer to (i) MIS publications concerning its monitoring or surveillance procedures and methodologies for a statement of those procedures and methodologies, and (ii) the congressional hearing testimony referenced in Paragraph 273 for a statement of its complete contents.

274.    Deny the allegations of Paragraph 274.

275.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 275.

276.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 276.

277.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 277.

278.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 278.

279.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 279.

280.    Deny the allegations of Paragraph 280, except refer to the documents referenced in Paragraph 280 for a statement of their complete contents.

281.    No response is required to Paragraph 281 because the Court found that the purported misstatements alleged therein concerning the source of Moody's structured finance ratings revenues are not actionable.

282.    No response is required to Paragraph 282 because the Court found that the purported misstatements alleged therein concerning the source of Moody's structured finance ratings revenues are not actionable.

283.    No response is required to Paragraph 283 because the Court found that the purported misstatements alleged therein concerning the source of Moody's structured finance ratings revenues are not actionable.

284.    No response is required to Paragraph 284 because the Court found that the purported misstatements alleged therein concerning the source of Moody's structured finance ratings revenues are not actionable.

285.    No response is required to Paragraph 285 because the Court found that the purported misstatements alleged therein concerning the source of Moody's structured finance ratings revenues are not actionable.

286.    No response is required to Paragraph 286 because the Court found that the purported misstatements alleged therein concerning the source of Moody's structured finance ratings revenues are not actionable.

287.    Deny the allegations of Paragraph 287.

288.    State that the first sentence of Paragraph 288 constitutes a prefatory statement by plaintiffs concerning structured finance to which no response is required.  Refer to Moody's periodic filings and publications for a statement of Moody's structured finance ratings revenues and earnings during the Class Period.

289.    Deny that the allegations of Paragraph 289 fully and accurately reflect Moody's structured finance ratings revenue for the time periods referenced therein, and refer to Moody's periodic filings and publications for a statement of its structured finance ratings revenues for the periods referenced in Paragraph 289.

290.    Refer to the documents referenced in Paragraph 290 for a statement of their complete contents.

291.    Refer to the documents referenced in Paragraph 290 for a statement of Moody's revenues and revenue growth from 2004 to 2006.

292.    Deny the allegations of Paragraph 292, except refer to Moody's periodic public filings for a statement of its operating margins for the periods referenced in Paragraph 292.

293.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 293.

294.    Deny the allegations of Paragraph 294, except aver that Moody's made the proper disclosures to the "marketplace," and refer to publicly available historical stock price data for a statement of Moody's stock price for the periods referenced in Paragraph 294.

295.    State that the first sentence of Paragraph 295 constitutes a prefatory statement by plaintiffs to which no response is required.  Deny the allegations of the second sentence of Paragraph 295.

296.    Deny the allegations of Paragraph 296, except (i) admit that there were a number of repeat issuers of structured finance obligations who comprised a significant percentage of total issuance rated by MIS, (ii) refer to the statements referenced in Paragraph 296

for a statement of their complete contents, and (ii) otherwise deny knowledge or information sufficient to form a belief as to the truth of the last sentence of Paragraph 296.

297.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 297.

298.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 298.

299.    State that Paragraph 299 constitutes a prefatory statement by plaintiffs concerning structured finance to which no response is required.

300.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 300, and refer to documents referenced in Paragraph 300 for a statement of their complete contents.

301.    State that Paragraph 301 constitutes a prefatory statement by plaintiffs concerning structured finance to which no response is required, except refer to MIS publications concerning structured finance for a statement thereof.

302.    State that Paragraph 302 constitutes a prefatory statement by plaintiffs concerning structured finance to which no response is required, except refer to MIS publications concerning structured finance for a statement thereof.

303.    State that Paragraph 303 constitutes a prefatory statement by plaintiffs concerning structured finance to which no response is required, except refer to MIS publications concerning structure finance for a statement thereof.

304.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 304.

305.   Deny the allegations of Paragraph 305 to the extent they pertain specifically to Moody's.

306.   Refer to MIS publications concerning structured finance for a statement of the "issuer pays" business model and its relationship to structured finance.

307.   Refer to MIS publications concerning structured finance for a statement of the "issuer pays" business model and its relationship to structured finance.

308.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 308.  Deny the allegations of the second sentence and the third sentence of Paragraph 308.

309.    Deny the allegations of Paragraph 309, except (i) refer to MIS publications concerning the structured finance ratings process for a statement of that process, and (ii) deny knowledge or information sufficient to form a belief as to the truth of the allegations of the third sentence and the fourth sentence of Paragraph 309.

310.   Deny the allegations of Paragraph 310, except refer to the document referenced in Paragraph 310 for a statement of its complete contents.

311.   Deny the allegations of Paragraph 311, except (i) refer to MIS publications concerning the structured finance ratings process for a statement of that process, and (ii) deny knowledge or information sufficient to form a belief as to the truth of the allegations in the footnote to Paragraph 311.

312.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 312.

313.   Deny the allegations of Paragraph 313.

314.   Deny the allegations of Paragraph 314.

315.    Deny the allegations of Paragraph 315.

316.    Deny the allegations of Paragraph 316, except refer to the statements referenced in Paragraph 316 for a statement of their complete contents.

317.    Deny the allegations of Paragraph 317.

318.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 318.

319.    State that the first sentence in Paragraph 319 and the footnote to Paragraph 319 constitute a prefatory statement by plaintiffs concerning structured finance securities credit ratings to which no response is required.  To the extent a response is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 319.

320.    Deny the allegations of Paragraph 320, except refer to the article quoted in Paragraph 320 for a statement of its complete contents.

321.    Deny the allegations of Paragraph 321, except refer to MIS publications concerning the structured finance ratings process for a statement of that process.

322.    Deny the allegations of Paragraph 322, except (i) refer to MIS publications concerning the structured finance ratings process for a statement of that process, and (ii) deny knowledge or information sufficient to form a belief as to the truth of the allegations of the last sentence of Paragraph 322.

323.    Deny the allegations of Paragraph 323, except deny knowledge or information sufficient to form a belief as to the truth of the second sentence of Paragraph 323.

324.    Refer to the statements referenced in Paragraph 324 for a statement of their complete contents.

325.    Deny the allegations of Paragraph 325.

326.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 326.

327.     Deny the allegations of Paragraph 327.

328.     Deny the allegations of Paragraph 328, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 328 to the extent they refer to the Financial Stability Forum.

329.     Deny the allegations of Paragraph 329, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 329 to the extent they refer to the statements of others.

330.     Deny the allegations of Paragraph 330, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 330 to the extent they refer to allegations made in the complaint referenced therein.

331.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 331.

332.     Deny that the allegations of Paragraph 332 fully and accurately reflect the contents of the document quoted therein, and refer to Moody's website and publications for a statement of its business and operations.

333.     Deny the allegation of Paragraph 333.

334.     State that Paragraph 334 constitutes a prefatory statement by plaintiffs concerning rating agencies to which no response is required.  To the extent a response is required, deny the allegations of Paragraph 334.

335.     Refer to the statements referenced in the first sentence of Paragraph 335 for a statement of their complete contents.  The remaining allegations of Paragraph 335 contain

no factual allegations requiring a response.  To the extent a response is required, deny the allegations of Paragraph 335.

336.    Deny the allegations of Paragraph 336, except refer to the document quoted in the footnote to Paragraph 336 for a statement of its complete contents.

337.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 337.

338.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 338.

339.    Deny that the allegations of Paragraph 339 fully and accurately describe the report quoted therein, and (i) refer to the report quoted in Paragraph 339 for a statement of its complete contents, (ii) deny the allegations of the first sentence in the footnote to Paragraph 339, and (iii) deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the footnote to Paragraph 339.

340.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 340, and refer to Moody's website and publications for a statement of its business and operations.

341.    Deny that the allegations of Paragraph 341 fully and accurately reflect the contents of the analyst conference call quoted therein, and refer to the transcript quoted in Paragraph 341 for a statement of its complete contents.

342.    Deny the allegations of Paragraph 342.

343.    Refer to the transcript quoted in Paragraph 343 for a statement of its complete contents.

344.     Refer to the document quoted in Paragraph 344 for a statement of its complete contents.

345.     Deny the allegations of Paragraph 345, except admit that Moody's named Brian M. Clarkson as President and Chief Operating Officer of Moody's Investors Service on or about August 7, 2007.

346.     Refer to the press release referenced in Paragraph 346 for a statement of its complete contents.

347.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 347.

348.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 348.

349.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 349.

350.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 350.

351.     Deny the allegations of Paragraph 351.

352.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 352.

353.     Deny the allegations of Paragraph 353, except refer to publicly available historical stock price data for a statement of Moody's stock price in 2007 and 2008.

354.     Admit that this action is the only action brought on behalf of a putative class of shareholders seeking monetary damages from Moody's based on the allegations set forth in the complaint.

355.     State that Paragraph 355 constitutes a prefatory statement by plaintiffs concerning this action to which no response is required.

356.     State that the first and second sentences of Paragraph 356 contain no factual allegations requiring a response.  Refer to publicly available historical stock price data for a statement of Moody's stock price from February 2, 2006 to January 24, 2008.

357.     Deny the allegations of Paragraph 357.

358.     State that Paragraph 358 constitutes a prefatory statement by plaintiffs concerning structured finance securities credit ratings to which no response is required.  To the extent a response is required, deny the allegations of Paragraph 358.

359.     Deny that the allegations of Paragraph 359 fully and accurately reflect the contents of the statements referenced therein, and refer to the statements referenced in Paragraph 359 for a statement of their complete contents.

360.     Refer to Moody's periodic public filings and publications concerning "reputational capital" for a statement of their complete contents.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of Paragraph 360.

361.     Refer to the presentation quoted in Paragraph 361 for a statement of its complete contents.

362.     Refer to the transcript quoted in Paragraph 362 for a statement of its complete contents.

363.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 363, except (i) admit that the *Financial Times* published an article

concerning CPDOs on or about May 21, 2008, and (ii) refer to the article referenced in Paragraph 363 for a statement of its complete contents.

364.    Deny the allegations of Paragraph 364, except refer to publicly available historical stock price data for a statement of Moody's stock price from May 20, 2008 to May 22, 2008.

365.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 365.

366.    Deny the allegations of Paragraph 366.

367.    Deny the allegations of Paragraph 367, except refer to Moody's periodic public filings and publications for a statement of its structured finance ratings revenues.

368.    Admit that MIS has downgraded certain structured finance securities, and refer to MIS publications concerning the downgrades for a statement thereof.  Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 368.

369.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 369.

370.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 370.

371.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 371.

372.    Deny that the allegations of Paragraph 372 fully and accurately describe the contents of the presentation quoted therein, and refer to the presentation quoted in Paragraph 372 for a statement of its complete contents.

373.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 373 and the allegations in the footnotes to Paragraph 373.  Deny the remaining allegations of Paragraph 373, except refer to (i) the presentation referenced in footnote 92 and in Paragraph 372 for a statement of its complete contents, and (ii) Moody's periodic public filings and publications for a statement of its ratings revenues.

374.    Deny the allegations of Paragraph 374, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in the footnote to Paragraph 374.

375.    Deny the allegations of Paragraph 375.

376.    Refer to the transcript quoted in Paragraph 376 for a statement of its complete contents.

377.    Deny that Paragraph 377 fully and accurately reflects the contents of the transcript referenced therein, and refer to the transcript referenced in Paragraph 377 for a statement of its complete contents.

378.    Refer to the transcript quoted in Paragraph 378 for a statement of its complete contents.

379.    Deny the allegations of Paragraph 379, except refer to the article quoted in Paragraph 379 for a statement of its complete contents.

380.    Deny that the allegations of Paragraph 380 fully and accurately reflect the contents of the presentation referenced therein, and refer to the presentation referenced in Paragraph 380 for a statement of its complete contents.

381.    Deny that the allegations of Paragraph 381 fully and accurately reflect the contents of the presentation referenced therein, and refer to the presentation referenced in Paragraph 381 for a statement of its complete contents.

382.    Deny that the allegations of Paragraph 382 fully and accurately reflect the contents of the presentation referenced therein, and refer to the presentation referenced in Paragraph 382 for a statement of its complete contents.

383.    State that the first sentence of Paragraph 383 constitutes a prefatory statement by plaintiffs concerning CDOs to which no response is required.  To the extent a response is required, deny the allegations of the first sentence of Paragraph 383.  Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 383.

384.    Deny that the allegations of Paragraph 384 fully and accurately reflect the contents of the transcript quoted therein, and refer to the transcript quoted in Paragraph 384 for a statement of its complete contents.

385.    Refer to the transcript quoted in Paragraph 385 for a statement of its complete contents.

386.    Deny that the allegations of Paragraph 386 fully and accurately reflect the contents of the presentation quoted therein, and refer to the presentation quoted in Paragraph 386 for a statement of its complete contents.

387.    Refer to the presentation quoted in Paragraph 387 for a statement of its complete contents.

388.     Deny that the allegations of Paragraph 388 fully and accurately reflect the contents of the presentation quoted therein, and refer to the presentation quoted in Paragraph 388 for a statement of its complete contents.

389.     Deny the allegations of Paragraph 389.

390.     Refer to the transcript quoted in Paragraph 390 for a statement of its complete contents.

391.     Deny that the allegations of Paragraph 391 fully and accurately reflect the contents of the transcript quoted therein, and refer to the transcript quoted in Paragraph 391 for a statement of its complete contents.

392.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 392, and refer to the article referenced in the first sentence of Paragraph 392 for a statement of its complete contents.

393.     Deny the allegations of Paragraph 393, and further deny that the allegations of Paragraph 393 fully and accurately describe the role of the Securities and Exchange Commission's review of Moody's.  Refer to public statements or announcements for a statement of the scope or subject of the inquiries by New York, Connecticut and Ohio.  Admit that Moody's receives inquiries from international regulatory entities.

394.     Deny the allegations of Paragraph 394 to the extent they have knowledge of the scope of the governmental inquiries referenced therein, and refer to public statements or announcements concerning the governmental inquiries referenced in Paragraph 393 for a statement of the scope or subject of those inquiries.

395.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 395.

396.     Deny the allegations of Paragraph 396.

397.     Deny the allegations of Paragraph 397.

398.     State that Paragraph 398 contains no factual allegations requiring a response.

399.     Deny the allegations of Paragraph 399, except refer to publicly available historical stock price data for a statement of Moody's stock price for the periods alleged in Paragraph 399.

400.     Deny the allegations of Paragraph 400, including the allegations of all subparagraphs, except refer to (i) the publications and reports referenced in Paragraph 400 for a statement of their complete contents, and (ii) publicly available historical stock price data for a statement of Moody's stock price for the periods alleged in Paragraph 400.

401.     Deny the allegations of Paragraph 401, except refer to publicly available historical stock price data for a statement of Moody's stock price and the S&P 500 Financials Index from February 3, 2006 to January 24, 2008.

402.     Deny the allegations of Paragraph 402, except (i) deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning investors' motivations, and (ii) refer to publicly available historical stock price data for a statement of Moody's stock price from February 8, 2007 to October 25, 2007.

403.     Deny the allegations of Paragraph 403, including the allegations of all subparagraphs.

404.     Deny the allegations of Paragraph 404.

405.     Deny the allegations of Paragraph 405.

406.     Deny the allegations of Paragraph 406.

407.  Deny the allegations of paragraph 407.

408.  Deny the allegations of Paragraph 408.

409.  Deny the allegations of the first sentence of Paragraph 409.

410.  Deny the allegations of Paragraph 410, except refer to publicly available historical stock price data for a statement of Moody's stock price from May 20, 2008 to May 22, 2008.

411.  Deny the allegations of Paragraph 411.

412.  Deny the allegations of Paragraph 412, except refer to the public statements referenced in Paragraph 412 for a statement of their complete contents.

413.  Deny the allegations of Paragraph 413.

414.  Deny the allegations of Paragraph 414, except refer to Moody's website for a statement of the positions held by Raymond W. McDaniel, Jr. at Moody's.

415.  Deny the allegations of Paragraph 415, except admit that Mr. Clarkson resigned from his position after April 1, 2008.

416.  Admit that this action purports to be a class action on behalf of persons and entities that purchased or acquired Moody's securities from February 3, 2006 to October 24, 2007.

417.  The first sentence of Paragraph 417 purports to state a legal conclusion to which no response is required.  To the extent a response is required, deny the allegations of the first sentence of Paragraph 417.

418.  Paragraph 418 purports to state a legal conclusion to which no response is required.  To the extent a response is required, deny the allegations of Paragraph 418.

419.     Paragraph 419 purports to state a legal conclusion to which no response is required.  To the extent a response is required, deny the allegations of Paragraph 419.

420.     Paragraph 420 purports to state a legal conclusion to which no response is required.  To the extent a response is required, deny the allegations of Paragraph 420.

421.     Paragraph 421 purports to state a legal conclusion to which no response is required.  To the extent a response is required, deny the allegations of Paragraph 421.

422.     Paragraph 422 purports to state a legal conclusion to which no response is required.  To the extent a response is required, deny the allegations of Paragraph 422, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning National City.

423.     Paragraph 423 purports to state a legal conclusion to which no response is required.  To the extent a response is required, deny the allegations of Paragraph 423.

424.     Paragraph 424 purports to state a legal conclusion to which no response is required.  To the extent a response is required, deny the allegations of Paragraph 424.

425.     Defendants repeat and reallege each and every response set forth in the foregoing paragraphs of this Answer as if fully set forth herein.

426.     Deny the allegations of Paragraph 426.

427.     Deny the allegations of Paragraph 427.

428.     Deny the allegations of Paragraph 428.

429.     Deny the allegations of Paragraph 429.

430.     Defendants repeat and reallege each and every response set forth in the foregoing paragraphs of this Answer as if fully set forth herein.

431.     Deny the allegations of Paragraph 431.

432.    Deny the allegations of Paragraph 432.

433.    To the extent that the Complaint sets forth any allegations that defendants have not responded to in the foregoing paragraphs, such allegations are denied.

## AFFIRMATIVE DEFENSES

The defendants assert the following additional and affirmative defenses and reserve the right to assert other defenses if and when they become appropriate.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The Complaint fails to meet the pleading requirements of the Private Securities Litigation Reform Act and Rule 9(b) of the Federal Rules of Civil Procedure.

### THIRD DEFENSE

The Complaint fails to plead loss causation adequately.

### FOURTH DEFENSE

The claims asserted in the Complaint are barred, in whole or in part, by the applicable statute of limitations.

### FIFTH DEFENSE

The claims asserted in the Complaint are barred because plaintiffs and the putative class members have sustained no legally cognizable injury by virtue of any misstatement or omission alleged in the Complaint.  Such alleged misstatements and omissions did not directly or proximately cause the decline in Moody's stock price or value of which plaintiffs complain.  Any loss incurred by plaintiffs was, in whole or in part, caused by acts of third parties or by conditions and events outside the control of Moody's, including the subprime

mortgage crisis and concomitant market-wide downturn.  These acts or events constitute intervening causes of any loss suffered by plaintiffs.

## SIXTH DEFENSE

The claims asserted in the Complaint are barred because plaintiffs and members of the putative class (or persons or entities acting on their behalf) knew, or in the exercise of reasonable diligence or care could have known, the facts concerning the purported misstatements, omissions and business practices alleged in the Complaint.

## SEVENTH DEFENSE

This action cannot be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure.

## EIGHTH DEFENSE

Plaintiffs cannot rely on the fraud-on-the-market doctrine to establish reliance.

## NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the purported misrepresentations or omissions that are attributed to defendants did not affect the market price of Moody's stock.  Such alleged misrepresentations or omissions were not material.

## TENTH DEFENSE

Plaintiffs are not adequate class representatives and their claims are not typical of the claims of other members of the putative class.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred because defendants did not act with scienter.

## TWELFTH DEFENSE

Plaintiffs have failed to plead the requisite elements of a Section 20(a) claim against Raymond W. McDaniel, Jr.

THIRTEENTH DEFENSE

Some or all of the matters alleged by plaintiffs to constitute the subject of the alleged misstatements and omissions were publicly disclosed and/or were in the public domain and accordingly were at all times reflected in the price of Moody's stock.

## RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES

Defendants have not knowingly or intentionally waived any applicable defenses, and reserve the right to assert and rely upon other applicable defenses that may become available or apparent during discovery in this matter.  Defendants reserve the right to amend or seek to amend their Answer and/or the Affirmative Defenses asserted herein.

<u>**CONCLUSION**</u>

WHEREFORE, defendants respectfully demand judgment dismissing this action with prejudice together with an award of their costs and disbursements and such other and further relief as the Court deems appropriate.

Dated:  New York, New York
          June 12, 2009

<div style="margin-left: 40%;">

<u>/s/  Sharon L. Nelles</u>
Sharon L. Nelles  (SN-3144)
Stephen Ehrenberg  (SE-3123)
Darrell S. Cafasso  (DC-7123)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004-2498
Telephone:  212-558-4000
Facsimile:  212-558-3588
Email:  nelless@sullcrom.com

*Counsel for Defendants*

</div>

## <u>CERTIFICATE OF SERVICE</u>

I certify that on June 12, 2009, copies of the foregoing Answer of Defendants to

the Consolidated Amended Complaint, were served via ECF on the following:

Ira M. Press
Roger W. Kirby
David Bishop
Daniel Hume
Aaron Hovan
Kirby McInerney LLP
825 Third Avenue, 13th Floor
New York, NY  10022

Stuart L. Berman
Michael K. Yarnoff
Benjamin J. Hinerfeld
Jennifer L. Keeney
Lauren Wagner Pederson
Barroway Topaz Kessler Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA  19087

Lionel Z. Glancy
Michael M. Goldberg
Frederick W. Gerkens III
Glancy Binkow & Goldberg LLP
1430 Broadway, Suite 1603
New York, NY  10018

*Co-lead Counsel for Lead Plaintiffs*


/s/ Darrell S. Cafasso
Darrell S. Cafasso (DC-7123)