USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: NOV 0 4 2009

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                        :

In re MOODY'S CORPORATION    :    No. 1:07-cv-8375-SWK
SECURITIES LITIGATION        :

                        :    **REPORT OF RULE 26(f)**
                        :    **CONFERENCE AND [PROPOSED]**
                        :    **SCHEDULING ORDER**
                        :
                        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, the parties met and conferred in accordance with Rule 26(f) of the Federal Rules of Civil Procedure on July 23, 2009.

NOW, THEREFORE, pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure, the parties hereby submit the following report and proposed scheduling order:

1.   **Answer:** Defendants filed their Answer to the Consolidated Amended Complaint on June 12, 2009.

2.   **Amendment of Pleadings:** Motions to amend the pleadings shall be governed by the Federal Rules of Civil Procedure. Reference is made to the Stipulation Regarding Plaintiffs' Proposed Motion To Amend Class Period, entered into by the parties on July 20, 2009.

3.   **Joinder of Parties:** No additional parties may be joined except by leave of Court.

4.   **Initial Disclosures:** Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a) shall be exchanged on or before thirty (30) days following entry of this Order.

5.   **Class Certification:**

    A.   In accordance with Rule 23 of the Federal Rules of Civil Procedure, Lead Plaintiffs shall move for class certification on or before January 22, 2010. Defendants shall serve discovery requests relating to class certification and

deposition notices on putative lead plaintiffs and any experts designated by plaintiffs at the time they move for class certification, on or before January 29, 2010. Plaintiffs shall respond to the discovery requests on or before February 19, 2010, and depositions of lead plaintiffs and any experts designated by plaintiffs shall occur by March 19, 2010.

B. Defendants' papers opposing class certification shall be served on or before April 16, 2010. Plaintiffs shall serve discovery requests on defendants' experts, if any, and deposition notices of defendants' experts, if any, on or before April 23, 2010. Defendants shall respond to the discovery requests on or before May 14, 2010, and depositions of defendants' experts, if any, shall occur by May 28, 2010. Plaintiffs' reply papers concerning class certification shall be served on or before June 25, 2010.

6. **Discovery:** Discovery in this action will be conducted by the parties in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.

A. **Document Production:** The parties disagree on the timing of merits document discovery. Plaintiffs' position is that the exchange of merits document discovery should proceed simultaneously with the briefing and discovery regarding their motion for class certification. Plaintiffs note that Moody's Corporation ("Moody's") has made a production of documents to the U.S. Securities and Exchange Commission's Office of Compliance Inspections and Examinations ("OCIE") and the U.S. House of Representatives Committee on Oversight and Government Reforms ("OGR") in 2007 and 2008 (the OCIE and OGR productions are collectively referred

-2-

to herein as the "Regulatory Productions") and contend that production of those documents in this litigation will impose limited burden on defendants. Defendants oppose merits discovery prior to the Court's ruling on plaintiffs' motion for class certification. Defendants note that the scope of the Regulatory Productions substantially exceeds the scope of this litigation and contend that it would place an enormous burden on them to review those productions for responsiveness and privilege matters. Defendants further contend that they should not be put through the burden and expense of producing documents to plaintiffs prior to the Court's ruling on plaintiffs' motion for class certification. Upon hearing the parties' respective positions, Special Master Paul D. Wachter has determined that (i) plaintiffs may immediately serve on defendants requests for documents pursuant to Federal Rule of Civil Procedure 34, and (ii) defendants shall (a) serve written objections to plaintiffs' document requests within thirty (30) days of service of the requests, and (b) after an appropriate meet and confer regarding those requests, defendants shall begin review of the Regulatory Productions for documents responsive to plaintiffs' requests, subject to the attorney-client privilege, work-product or other protections and any objections and any rulings by the Special Master thereon. Defendants shall not be required to produce documents until such time as directed by the Special Master, but are expected to be in a position to begin a rolling production of documents as soon as ninety (90) days after the parties meet and confer, subject to adjustment by the Special Master as may be necessary. Further, no party shall be required to produce any documents unless and until the parties enter

-3-

into a stipulation and protective order governing the confidentiality of materials produced in this litigation.

B. **Non-Party Discovery**: Subpoenas for document and deposition discovery may be served immediately on non-parties. No depositions of non-parties are to be scheduled prior to the Court's ruling on class certification without leave of the Special Master.

C. **Depositions**: Pursuant to the ruling of the Special Master on July 17, 2009, depositions in this action prior to the Court's ruling on plaintiffs' motion for class certification shall be limited to depositions concerning matters relevant to class certification as set forth in paragraph five (5) above. Fact depositions may be noticed to commence fourteen (14) days following the entry of the Court's ruling on class certification. The parties will confer regarding a cap on the number of depositions and the identities of the persons to be deposed.

D. **Interrogatories**: Interrogatories may be served upon entry of the Court's ruling on class certification. Written objections and responses to interrogatories shall be served within forty-five (45) days of service of the interrogatories. The parties will confer regarding the number of interrogatories to be served by each side.

E. **Requests for Admission**: Requests for admission may be served any time after entry of the Court's ruling on class certification, and all requests for admission shall be served no later than thirty (30) days after the close of fact discovery. Written responses to requests for admission shall be served within thirty (30) days of service of the requests for admission.

-4-

F.  **Close of Fact Discovery:**  All fact discovery shall be completed no later than twelve (12) months following entry of this Court's ruling on class certification.

G.  **Protective Order:**  The parties will attempt to negotiate and submit to the Court a stipulation and protective order that shall include a provision requiring the return of any inadvertently-produced privileged material.

H.  **Electronically-Stored Information:**  The parties will attempt to reach agreement concerning the production of electronically-stored information.

7.  **Experts:**

A.  **Expert Discovery:**  Expert document discovery at all stages of this case (including class certification) shall be limited to documents or information provided to, considered by or relied upon by each testifying expert in connection with (a) the preparation in this action of the testifying expert's report, affidavit, declaration, or written testimony, or (b) preparation for the testifying expert's deposition in this action.  Notwithstanding anything to the contrary in this paragraph or any provision in the Federal Rules of Civil Procedure, the parties and their testifying experts shall not be obligated to retain or produce (i) drafts of the testifying expert's report, affidavit, declaration or written testimony, or (ii) any oral or written communications(s) between testifying experts and attorneys for the party offering the expert testimony.

B.  **Expert Discovery Schedule:**  The parties shall meet and confer on a proposed schedule relating to expert discovery to be submitted to the Court for approval in advance of the close of fact discovery.  In the event a summary judgment or other dispositive motion filed prior to the close of fact discovery is supported by expert

-5-

evidence, the parties will meet and confer on a proposed schedule concerning

expert discovery in connection with such motion.

8.    **Dispositive Motions:** Summary judgment and other dispositive motions may be filed at

any time prior to the close of fact discovery, but post-discovery dispositive motions shall

be filed no later than sixty (60) days after the close of expert discovery.

9.    **Pretrial Conference:** The final pretrial conference will be held either (a) seventy-five

(75) days after the close of all discovery if no post-discovery dispositive motions are

filed, or (b) thirty (30) days after a ruling on any post-discovery dispositive motion.

10.   **Trial Date:** To be determined.

11.   **Rules of Practice:** All motions, applications and other pre-trial submissions shall be

governed by the Court's Individual Rules of Practice and the Local Rules of the Southern

District of New York, as applicable.

12.   **Extensions of Foregoing Deadlines:** The foregoing interim deadlines may be extended

by the parties on consent and upon consultation with the Special Master without

application to the Court, provided the parties meet the deadlines for the filing of their

class certification papers and the close of fact discovery.

Dated:  New York, New York
      August 5, 2009

**KIRBY McINERNEY & SQUIRE, LLP**

By: _____
Daniel Hume
825 Third Avenue
New York, NY 10022
Telephone: (212) 371-6600
Facsimile: (212) 751-2540

**SULLIVAN & CROMWELL LLP**

By: _____
Sharon L. Nelles
Stephen Ehrenberg
Darrell S. Cafasso
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

*Counsel for Defendants*

**BARROWAY TOPAZ KESSLER
MELTZER & CHECK LLP**
Michael Yarnoff
280 King of Prussia Road
Radnor, PA 190887
Telephone: (610) 667-7706
Facsimile: (610) 667-7056


**GLANCY, BINKOW & GOLDBERG, LLP**
Lionel Glancy
1430 Broadway, Suite 1603
New York, NY 10018
Telephone: (212) 382-2221
Facsimile: (212) 382-3944

*Co-Lead Counsel for Lead Plaintiffs*

**LABATON SUCHAROW LLP**
Jonathan Gardener
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Counsel for Plaintiffs*

IT IS SO ORDERED:

Honorable Shirley HON. GEORGE B. DANIELS
United States District Judge

DATED:   NOV 0 4 2009

-7-