UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MOODY'S CORPORATION SECURITIES LITIGATION | Case No. 1:07-CV-8375-GBD<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY** |

Lead Plaintiffs (collectively, "Plaintiffs") respectfully submit this response to Defendants' Notice of Supplemental Authority and Additional Public Record Material (the "Notice"), and request the Court reject Defendants' Notice in its entirety. In addition, Plaintiffs request that the Court require the parties to seek permission prior to filing any further briefing related to class certification.

**Introduction**

Plaintiffs filed their motion for class certification with this Court on January 15, 2010. Dkt. No. 57. In accordance with the parties' fourth amended stipulation and scheduling order on class certification, service of any papers by Defendants in opposition to class certification as supposed to be completed by October 22, 2010, five months past. Dkt. No. 83. Defendants have had ample opportunity to brief the issues involved in the motion, including filing a lengthy sur-reply in opposition to class certification. *See* Dkt. No. 84. Now, Defendants have filed what can only be classified as a *second* sur-reply in opposition to class certification (*see* Dkt. No. 98), but conveniently labeled it "Defendants' Notice of Supplemental Authority and Additional Public Record Material" ("Notice"). Defendants' bloated submission – a twelve-page brief and a 163-page appendix attaching five exhibits – regurgitates, once again, Defendants' failing arguments

in opposition to class certification that have been presented to the Court in its numerous filings and at oral argument.

The opinion that was the purported impetus for filing the Notice, *New Jersey Carpenters Health Fund v. Residential Capital*, Nos. 08 CV 8781(HB), 08 CV 5093(HB), 2011 WL 147735, at *8-*10 (S.D.N.Y. Jan. 18, 2011) ("*Residential Capital*"), is inapposite to the instant action since it involves mortgage-backed securities, a unique and complex securities product, and does not involve claims made by investors in common stock that traded on a national public exchange. Class certification has generally been more difficult to obtain in mortgage-backed securities cases since they are not traded on a large national exchange. Moreover, defendants in *Residential Capital* had actual documentary evidence and testimony from one of the plaintiffs that it knew of the conduct underlying the alleged misconduct. *Id.* at *9. Defendants have presented no such evidence in the instant case, despite multiple inquiries and opportunities from the Court.

Even if *Residential Capital* were relevant to the Court's decision on class certification, Defendants' submission would still be improper. Rather than simply submitting the ruling to the Court when it became public,[1] Defendants instead waited more than two months, and drafted an additional extensive sur-reply brief to submit under the auspices of a notice of new authority to the Court. Significantly, even in this new brief, Defendants still fail to proffer any evidence of widespread investor knowledge of the alleged fraud, and present no new arguments against class certification. Many of the cases brought forth in the Notice as purported evidence were available

---

[1] *See, e.g.*, Fed. R. App. P. 28(j) which provides that if "pertinent and significant authorities" come to a party's attention after the party's brief has been filed…a party may promptly advise" the court with a letter "setting forth the citations." *See id.*; *see also Ormond v. Anthem, Inc.* 2008 WL 906157, at *1, n.2 (S.D. Ind. March 31, 2008) (analyzing notice of supplemental authority under criteria set forth in Fed. R. App. P. 28(j) and finding the submission to be "in substance an unauthorized surreply brief, and a far cry from the concise reference to supplemental authority that might be appropriate" under Fed. R. App. P. 28(j)).

to Defendants before the November 23, 2010, oral argument took place, and therefore should have been raised at that time if Defendants believed them to be relevant.

This is merely an attempt to get one additional bite at the apple, presumably as a result of the Court's questioning of Defendants' position on the day of the class certification argument, and should not be permitted. Yet, Defendants wrongfully continue, post-oral argument, to make additional attempts to restate their position before the Court. Defendants' Notice should therefore be rejected.

**The Court Should Reject Defendants' Brief Because the Arguments Presented Are Redundant**

The Court has had multiple instances to consider each of Defendants' arguments against class certification. Defendants' argument that investors had widespread knowledge of the alleged fraud was first addressed, and denied, by Judge Kram in her motion to dismiss opinion. *See, e.g.,* Dkt. No. 35 at pp. 18-20 (finding Defendants did not even show inquiry notice); Class Certification Hearing Transcript ("Tr.") 51:2-21. Next, in Defendants' initial opposition to class certification, Defendants argued, *inter alia*, that because knowledge of Moody's alleged conflicts and methodologies was "widespread," and that knowledge differed among the various putative Class Members who would thus be subject to individualized inquiries. Dkt. No. 68. Defendants largely restated these arguments in their first sur-reply, arguing again that "widespread knowledge" would be subject to "individualized knowledge and reliance inquiries." Dkt. No. 84 at 3-7.[2]

Following full briefing on class certification, at a nearly six hour hearing with this Court,

---

[2] In this sur-reply, Defendants cited to *Abu Dhabi Commercial Bank v. Morgan Stanley & Co.*, 269 F.R.D. 252 (S.D.N.Y. 2010); and *In re Countrywide Fin. Corp. Sec. Litig.*, 588 F. Supp. 2d 1132 (C.D. Cal. 2008); two cases which Defendants claim in the Notice to have just recently become aware of the complaints.

Defendants again repeatedly stressed their contention that individualized inquiries as to Class Members' knowledge of the alleged fraud would defeat the predominance requirement for class certification. At several intervals during oral argument, the Court expressed doubt as to Defendants' position, citing the lack of supporting evidence: "you have done nothing to demonstrate one way or the other whether…there is in fact any evidence to support your argument…you had a full opportunity to do discovery and put those facts in front of me…but you chose not to do so on this motion." Tr. at 119:8-120:3.[3]

Moreover, the Court at several points indicated this was a case that would be well suited for class adjudication, remarking: "Doesn't matter what I [the investor] thought. The question is whether or not the material misrepresentations on the marketplace made me [the investor] pay a different price for the stock than the stock was worth… that applies also to people who have an individual relationship with Moody's because they also rely on the integrity of the marketplace and they may rely on other things," (Tr. at 54:16-55:7); and "That is common proof… That's what you're out there saying to everybody. Of course that's common proof…You're saying this is common to everybody" (Tr. 89:2-11). The Court also continually noted that arguments advanced by Defendants about individualized issues were truly "argument[s] you could make about any investor," and that these arguments "[don't] defeat the class." *See, e.g.*, Tr. at 59:5-6.[4]

Clearly unhappy that their points had not been well-received by the Court, Defendants have filed a second "sur-reply," devoting an additional twelve pages to their much belabored point that "individualized knowledge issues" should defeat class certification. *See* Dkt. No. 98.

---

[3] The Court made numerous additional statements questioning Defendants' arguments and pointing to Defendants' failure to submit supporting evidence. *See, e.g.,* Tr. at 30:10-12; 30:24-31:3; 32:8-11; 32:17-23; 39:4-6; 40:15-19; 43:13-16; 50:24-51:1; 53:3-12; 61:2-5; 76:20-77:23; 80:6-7.

[4] *See also* Tr. at 31:25 ("that's true in every case"); 69:5-6 ("well, that argument can always be made, in every case"); 71:7 ("that's common to everybody"); 91:18 ("that's true of every investor"); 94:12-12 ("You still describe it as a common question for everyone").

Again, this brief presents no actual evidence as to knowledge of wrongdoing, but re-offers Defendants' speculative theory that if some Class Members may have known about the alleged wrongdoing, that should defeat class certification. The Court has already considered this argument extensively, and thus Defendant's Notice should be rejected for being redundant.

**The Court Should Reject Defendants' Brief Because Allowing This Belated Submission Will Prejudice Plaintiffs**

Defendants should not now be allowed to present new "evidence" to the Court under the guise of the Notice. To the extent that any of the information presented in Defendants' second sur-reply brief is even relevant to the Court's determination of class certification issues, Defendants have had numerous opportunities to present this "evidence" to the Court and have failed to do so.

Defendants were clearly aware, and noted in oral argument on several occasions, that the Plaintiffs were accusing some of the Class Members of being involved in pressuring Moody's for better ratings. *See, e.g.,* Tr. at 47:7, 49:14-16. However, the cases Defendants include in the Notice as purported newly discovered evidence of this fact were filed years ago.[5] Defendants had ample opportunity to conduct class discovery, and none of these complaints were mentioned

---

[5] *See, e.g., Abu Dhabi Commercial Bank v. Morgan Stanley & Co.*, 269 F.R.D. 252 (S.D.N.Y. 2010) (original complaint filed August 5, 2008); *In re Bear Stearns Cos. Sec., Derivative & ERISA Litig.*, 08 MDL 1963, 2011 U.S. Dist. LEXIS 6026 (S.D.N.Y. Jan. 19, 2011) (original complaint filed May 5, 2008); *In re Wachovia Equity Sec. Litig.*, No. 1:08-cv-6171-RJS (S.D.N.Y. 2008) (original complaint filed July 7, 2008); *Maine State Ret. Sys. v. Countrywide Fin. Corp.*, No. 2:10-cv-00302, (C.D. Cal. filed Jan. 14, 2010) (involving, *inter alia*, allegations asserted initially in the action *Luther v. Countrywide Home Loans Servicing LP*, No. BC 380698 (Cal. Super. Ct.) (original complaint filed November 14, 2007)) (supposedly evidencing knowledge of Bank of America Corporation, Barclays Bank PLC, Deutsche Bank, Goldman Sachs & Company, and Morgan Stanley). Defendants also reference several cases in Exhibit C to the Appendix of Supplemental Materials (Dkt. No. 98-1) that were filed (and had judicial opinions issued) long before the class certification hearing in this action. *See, e.g., In re Citigroup Inc. Sec. Litig.*, 09 md 2070 (SHS), 2010 WL 4484650 (S.D.N.Y. Nov. 9, 2010) (original complaint filed Nov. 8, 2007, motion to dismiss opinion issued Nov. 9, 2010); *In re Wells Fargo Mortgage-Backed Certificates Litig.*, 712 F. Supp. 2d 958 (N.D. Cal. 2010) (original complaint filed March 27, 2009, motion to dismiss opinion issued April 22, 2010).

at any point in Defendants' multiple briefs or at the class certification hearing as "evidence" of individualized knowledge issues. Despite the Court's repeated request for any actual fact evidence, Defendants had nothing to produce.[6] *See, e.g,* Tr. 32:17-23 ("Give me an example of something that you think that you can even give me. You haven't told me what you've found. So I can assume you haven't found anything yet…that would say that any of these investors should not be part of the class.").

Allowing Defendants to belatedly come forward with a twelve-page brief that purports to provide "evidence" of individualized knowledge issues would substantially prejudice Plaintiffs. Defendants did not ask for permission from either the Court or Plaintiffs to file this additional brief, and the time for discovery, briefing, and oral argument on class certification has long since passed. Accepting this submission now would be patently unfair, as Plaintiffs have honored the parties' schedule and submitted all their evidence and documents in a timely fashion.

In the event the Court does not reject Defendants' submission as a regurgitation of the same arguments previously made, Plaintiffs request leave to respond to Defendants' arguments on the merits to minimize the amount of prejudice. While this would entail additional time and effort, Plaintiffs strongly dispute that any of the points or purported evidence raised in the Notice affect the outcome of certification of the Class.

Pointedly, the proposed class in *Residential Capital*, consisting of purchasers of certain mortgage-backed securities, were not, and are not, entitled to the reliance presumption set forth

---

[6] Defendants' newfound reliance on *Allstate Ins. Co. v. Ace Sec. Corp.*, No. 650431/2011 (N.Y. Sup. Ct. filed Feb. 18, 2011) and *Dexia Holdings v. Countrywide Fin. Corp.*, No. 650185/2011 (N.Y. Sup. Ct. filed Jan. 24, 2011), is misplaced. *See* Notice at 10. *Allstate* does not allege that Moody's committed fraud, but rather that Moody's was lied to by the defendants in that action. Moreover, the case was filed after the Class Period in this action, so it does not reflect that Plaintiffs alleged knowledge of misconduct during the Class Period. Likewise, reliance on *Dexia Holdings* could not possibly evidence Bank of America's awareness of Moody's fraud at any time prior to July 2008, when it acquired Countrywide. *See* Notice at 9-10. Again, that is long after the end of the Class Period in the instant action.

in *Basic v. Levinson*, 485 U.S. 224 (1998), that is afforded to cases involving trades in common stock on a national exchange.  Also, in the instant action, Defendants repeatedly offer only speculation, and no actual evidence of widespread knowledge of the fraud alleged.  In contrast, *Residential Capital*, like *In re Initial Public Offerings Sec. Litig.*, 471 F.3d 24 (2006), is a case where there was actual evidence of widespread public knowledge of wrongdoing.  In any event, Defendants steadfastly contend that there was <u>no</u> wrongdoing at all for the public to be aware of, and thus are bizarrely asking the Court to simultaneously find that the Class Members and public were widely aware of the alleged fraud, but also that no fraud existed.  *See* Tr. at 43:13-16; 76:20-77:23.  Defendants cannot have it both ways.  Plaintiffs therefore request the opportunity to address these issues in more depth if the Court accepts Defendants' Notice.

**Conclusion**

For the foregoing reasons, Plaintiffs respectfully request that the Court reject Defendants' Notice of Supplemental Authority and Additional Public Record Material for being redundant and causing the Plaintiffs prejudice.  In addition, Plaintiffs request that the Court require the parties to seek permission prior to filing any further briefing related to class certification.  In the event the Court declines to reject Defendants' Notice, Plaintiffs request leave to file a response to Defendants' Notice.

Dated: March 22, 2011                                Respectfully submitted,

**GLANCY BINKOW & GOLDBERG LLP**

By: *s/ Peter A. Binkow*
Peter A. Binkow
Andy Sohrn
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067
Telephone:  (310) 201-9150
Facsimile:   (310) 201-9160

Aaron D. Hovan
Daniel Hume
Ira M. Press
KIRBY MCINERNEY LLP
825 Third Avenue
16th Floor
New York, NY 10022
Telephone:  (212) 317-2300
Facsimile:   (212) 751-2540

Neena Verma
Benjamin Jay Hinerfeld
Jennifer L. Keeney
Michael K. Yarnoff
Lauren Wagner Pederson
BARROWAY TOPAZ KESSLER
MELTZER & CHECK, LLP
280 King of Prussia Road
Radnor, PA 19087
Telephone:  (610)667-7706
Facsimile:   (610) 667-7056

Christopher Keller
Jonathan Gardner
Serena Hallowell
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
Telephone:  (212) 907-0700
Facsimile:   (212) 818-0477

*Counsel for Plaintiffs*

# PROOF OF SERVICE VIA ELECTRONIC POSTING PURSUANT TO SOUTHERN DISTRICT OF NEW YORK LOCAL RULES AND ECF RULES AND INSTRUCTIONS

I, the undersigned, say:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court. I am over the age of 18 and not a party to the within action. My business address is 1801 Avenue of the Stars, Suite 311, Los Angeles, California 90067.

On March 22, 2011, I caused to be served the following document:

**PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

By posting the document to the ECF Website of the United States District Court for the Southern District of New York, for receipt electronically by the following parties:

**See attached Service List.**

There are no non-ECF registered parties in this action.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 22, 2011, at Los Angeles, California.

*s/ Peter A. Binkow*
Peter A. Binkow

# Mailing Information for a Case 1:07-cv-08375-GBD

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Peter Arthur Binkow**
  info@glancylaw.com

- **Darrell Scott Cafasso**
  cafassod@sullcrom.com,s&cmanagingclerk@sullcrom.com

- **Stephen Ehrenberg**
  ehrenbergs@sullcrom.com,s&cmanagingclerk@sullcrom.com

- **Frederick W. Gerkens , III**
  fgerkens.esq@verizon.net,fgerkens@glancylaw.com

- **Aaron D. Hovan**
  ahovan@kmslaw.com

- **Daniel Hume**
  dhume@kmllp.com,amcneela@kmllp.com,obraun@kmllp.com,rsong@kmllp.com,dkovel@kmllp.com,wkarnadi@kmllp.com,btse@kmllp.com

- **Sharon L. Nelles**
  nelless@sullcrom.com,s&cmanagingclerk@sullcrom.com

- **Lauren Wagner Pederson**
  lpederson@btkmc.com,erubin@btkmc.com,ahankins@btkmc.com,dpotts@btkmc.com

- **Ira M. Press**
  ipress@kmllp.com,scohen@kmllp.com

- **Andy Sohrn**
  info@glancylaw.com,asohrn@glancylaw.com

- **Neena Verma**
  nverma@btkmc.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Jill Levine
Law Offices of Brian Barry
1801 Avenue of the Stars
Suite 311
Los Angeles, CA 90067
```